**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

IN RE:    CASE NO.: 3:15-bk-02530-JAF
          CHAPTER 13
**HOLLY ELIZABETH RAULERSON,**
         Debtor.
_____/

## CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan:

1. The future earnings of the Debtor are submitted to the control and supervision of the Trustee, and the Debtor shall pay to the Trustee the sum of **$527.34** per month in months one (1) through sixty (60) for a total plan period of sixty (60) months.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **PRIORITY CLAIMS**
      (1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.

      (2) The Debtor(s) owes **$2,000.00** in unpaid attorney's fees. The Trustee shall pay the order of Parker & DuFresne, P.A. **$** per month in the month's one (1) through four (4) and **$101.60** per month in month five (5) until paid in full.

   B. **SECURED CLAIMS**
      (1) **BAC HOME LOANS SERVICING** holds a first mortgage on the Debtor(s)' real property located at 1867 Biscayne Bay Circle, Jacksonville, FL 32218 with account number ending in x-6095. The Debtor(s) intends to surrender this property in full and final satisfaction of the debt. Trustee shall make no payment to this creditor.

      (2) **CARMEL FINANCIAL CORP.** holds a purchase money interest on a water filtration system with account number ending in x-0103. The Debtor(s) intends to surrender this property in full and final satisfaction of the debt. Trustee shall make no payment to this creditor.

   C. **NON-DISCHARGEABLE EDUCATIONAL LOANS**
      (1) The Debtor(s) is indebted to Nelnets in the amount of $40,418.00. The Debtor(s) is current with their payments to this creditor. The Debtor(s)s shall continue to pay this creditor the regular monthly payments **outside the plan** directly to the creditor. The Trustee shall make no payment to this creditor

   D. **UNSECURED CLAIMS**   Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata. The

        Trustee shall distribute pro-rata among those unsecured creditors whose claims are filed and allowed any funds remaining after paying priority and secured claims a total of $26,476.00 with monthly payments of **$373.00** per month in month five (5) and **$474.60** per month in months six (6) through sixty (60). Any claims filed after the proof of claims deadline shall receive no distribution under this plan unless specifically provided for above.

3. **EXECUTORY CONTRACTS** The Debtor(s) **does not reject** any executory contracts.

4. **VESTING** Title to all property of the estate shall revest in the Debtor(s) upon confirmation of this plan.

5. **RETENTION OF LIEN** Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6. **INSURANCE** Debtor(s) shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtor(s) and creditor.

7. **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtor(s) to do all of the following:
   A. To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.
   B. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.
   C. To apply the direct post-petition monthly mortgage payments paid by the Trustee or by the Debtor(s) to the month in which each payment was designated to be made under the plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.
   D. Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor(s)' completion of the Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** June 16, 2015.        **PARKER & DUFRESNE, P.A.**
*/s/ E. Warren Parker, Jr.*
E. WARREN PARKER, JR.
Florida Bar No.: 958506
8777 San Jose Blvd., Suite 301
Jacksonville, FL 32217
Telephone: (904) 733-7766
bankruptcyservice@jaxlawcenter.com
Attorney for Debtors

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the Debtor's Chapter 13 Plan has been furnished to all creditors and parties in interest as per the attached creditor matrix by electronic transmission, facsimile transmission and/or U.S. Mail, Postage prepaid on June 16, 2015.

                    PARKER & DUFRESNE, P.A.

                    */s/ E. Warren Parker, Jr.*
                    _____
                    E. WARREN PARKER, JR.